{¶ 47} Of course Smith is correct, based on the Ohio Supreme Court's "clarification" of Rance in Cabrales. Only in the window of bizarreness between Rance and Cabrales could anyone contend that two types of felonious assault on one victim at one time could be two crimes.
 {¶ 48} Though I concur that they were not reversible error in this case, there were many evidentiary miscues: *Page 18 
 {¶ 49} • The prosecutor intentionally attempted to, and did, elicit inadmissible testimony when he asked Jamisha Willis to testify that her brother had told her that Robertson had shot him. The state concedes that Jamisha's testimony violated Crawford. Any experienced prosecutor would know both that the testimony was rank inadmissible hearsay — and that it violated the defendant's Constitutional right of confrontation.
 {¶ 50} • The prosecutor also questioned Detective Upchurch about a description Willis had given of his shooter. Again, rank inadmissible hearsay (see ¶ 16).
 {¶ 51} • Detective Upchurch was allowed to testify that Officer Johnson had told her that Hayes had identified Robertson. Surely rank hearsay, but allowed by the majority under the phantom "course of the investigations" rubric. My concurrence means that this error alone would not cause reversal in this case. But it is surely error.
 {¶ 52} None of these should have happened. In a closer case, any could result in reversal. I concur, with that caveat.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment. *Page 1